

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**NOS. WR-86,886-01 and -02**

**EX PARTE JESSE SCOTT SHOBERT, Applicant**

**ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. CR11-0567-01; CR11-0771-01 IN THE 415th DISTRICT COURT
FROM PARKER COUNTY**

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault with a deadly weapon and possession of certain chemicals with intent to manufacture methamphetamine and sentenced to twenty years' imprisonment in each cause. The Eighth Court of Appeals affirmed his aggravated assault conviction. *Shobert v. State*, No. 08-12-00043-CR (Tex. App.—El Paso Apr. 19, 2013) (not designated for publication). No appeal was taken in the other conviction.

Applicant contends, among other things, that his pleas were involuntary due to the ineffective

assistance of his counsel. Specifically, Applicant alleges his counsel erroneously promised him that, if he went to the jury for sentencing, he could convince the jury to grant Applicant shock probation in both cases.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his pleas were involuntary due to the ineffective assistance of his counsel. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 26, 2017
Do not publish